# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES, | : | DOCKET NO.: 3:05 CR 111 (JBA) |
| | : | 3:05 CR 153 (JBA) |
| | : | |
| Plaintiff, | : | |
| | : | |
| V. | : | |
| | : | |
| HAKAN YALINCAK, | : | |
| | : | |
| Defendant. | : | SEPTEMBER 30, 2015 |

## MOTION TO STAY DISTRIBUTION OF FUNDS FOLLOWING RULING ON DEFENDANT'S MOTION FOR RECONSIDERATION

Pursuant to Fed. R. Civ. P. 62(c), the Defendant, Hakan Yalincak, respectfully moves for an immediate stay of any disbursement by the Clerk of the Court from Mr. Yalincak's garnished account pending appeal of the Court's September 28, 2015 Ruling on Defendant's Motion for Reconsideration.

## I.   Background

On May 11, 2015, this Court ruled on several motions (Docs. 191, 200, 233) (hereinafter "May 11 Ruling"). (Doc. 237). [1] Mr. Yalincak filed a motion for reconsideration. (Doc. 238). On May 14, 2015, this Court issued a temporary stay. (Docs. 240, 241). Mr. Yalincak also filed a timely notice of appeal of the May 11 Ruling on June 24, 2015. (Doc. 244). The parties thereafter filed additional memoranda concerning the amount that Mr. Yalincak should be credited for recoveries obtained through the Daedalus and HMMH bankruptcy proceedings. On September 28, 2015, this Court granted in part and denied in part Mr. Yalincak's motion for reconsideration and lifted

---

[1] All docket numbers in this motion refer to the docket in No. 3:05cr111.

the temporary stay ("September 28 Ruling") (Doc. 254). In its September 28, 2015 Ruling, the Court decided that its previous vacatur of its December 26, 2007 Ruling ("December 26 Ruling") (Doc. 160) through the use of Fed. R. Civ. P. Rule 60(a) was misplaced. *See* September 28 Ruling at 3 (citing *In re Marc Rich & Co. A.G.*, 739 F.2d 834, 837 (2d Cir. 1984)). Nevertheless, the Court relied on "its inherent power to correct mistakes made in its handling of a case." *See* September 28 Ruling at 3 (citing *United States v. LoRusso*, 695 F.2d 45, 53 (2d Cir. 1982)) (internal quotation marks omitted). As a consequence, Mr. Yalincak was not credited for the gross recovery ($1,529,466.74) made by the Daedalus Bankruptcy Trustee, (Doc. 252 at 4 and Table 2), and was only credited the net recovery ($307,767.53). *See* September 28 Ruling at 7. Mr. Yalincak intends to appeal this ruling to Court of Appeals for the Second Circuit. He therefore requests an immediate stay of any disbursements by the Clerk of the Court from his garnished account pending the resolution of his appeal of the September 28 Ruling.

**II.**   **Standard for Issuance of a Stay**

Consideration of a motion to stay focuses primarily on four factors, including: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether the issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 566 U.S. 418, 434 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). The first two factors "are the most critical." *Nken*, 556 U.S. at 434.

Although Mr. Yalincak need only show that the balance of factors favors a stay, as detailed below, all of these factors favor a stay.

A.      **Likelihood of Success on the Merits**

The likelihood of success on the merits factor does not require "a showing that the movant is 'more likely than not' to succeed on the merits." *Citigroup Global Markets, Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 37 (2d Cir. 2010). Instead, the likelihood of success is balanced against the degree of harm threatened, such that a stay may be granted, for example, "where the likelihood of success is not high but the balance of hardships favors the applicant." *Mohammed v. Reno*, 309 F.3d 95, 101 (2d Cir. 2002).

Mr. Yalincak respectfully submits that this Court's reliance on *LoRusso* was misplaced. *LoRusso* was decided in 1982 and dealt with a mid-trial oral grant of a Fed. R. Crim. P. Rule 29(a) motion for a judgment of acquittal before the entry of judgment. *LoRusso*, 695 F.2d at 50-51. The United States Supreme Court's recent decision in *Evans v. Michigan*, 133 S. Ct. 1069 (2013), which similarly dealt with an erroneous grant of a motion for acquittal and the court's power to correct its own errors, casts doubt on whether *LoRusso* remains good law. The Court in *Evans* held that an improperly granted acquittal based on the trial court's mistake of law must stand without the defendant being subjected to a second trial. Thus, *LoRusso* cannot support the Court's decision to vacate a final order issued more than seven years earlier.

Second, the December 26 Order was an appealable final order, not a mid-trial interlocutory order as occurred in *LoRusso*. Judgment entered in Mr. Yalincak's criminal case on April 16, 2007. While this Court retains jurisdiction to enforce Mr. Yalincak's restitution debt in the United States until that debt is paid or expires (in 2027), *see* 18 U.S.C. § 3613(c), *LoRusso* does not support the proposition that each order between

3

April 16, 2007 and April 16, 2027 is to be treated as an "interlocutory order" over which this Court has inherent authority to correct any possible error. Accordingly, because *LoRusso* does not apply to this case, and because Rule 60(a) cannot be used to alter the December 26 Ruling, Mr. Yalincak has shown a substantial likelihood of success on the merits.

### B.      Irreparable Injury to Mr. Yalincak

A party "seeking the stay 'bears the burden of establishing its need.'" *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 97 (2d Cir. 2012) (quoting *Clinton v. Jones*, 520 U.S. 681, 708 (1997)); *see also Citigroup*, 598 F.3d at 37. To be granted a stay, a party must show a particularized harm – for example, that the moving party would be prejudiced in a way that might bar him from relief in the event that his appeal was ultimately successful. *Jock v. Sterling Jewelers, Inc.*, 738 F. Supp. 2d 445, 448 (S.D.N.Y. 2010).

As detailed in his Opening Brief (Doc. 252 at 4, Table 2, and at 18, Table 4), if the Court had not vacated its December 26 Ruling, which had granted Mr. Yalincak gross credit, investor F.M. would be considered fully paid—in fact, already overpaid by approximately $7,000[2]—and would not be entitled to receive any disbursements from the garnished account. *See* Opening Brief Doc. 252 at 4, 18 and 19-22 (discussing maximum credit, and Tables 2 and 4). As a result of the Court's adherence to its decision vacating the December 26 Ruling, however, $134,902.65 will be distributed entirely to investor F.M. If Mr. Yalincak prevails in his appeal, F.M. will have been overpaid by an additional $134,902.65 and Mr. Yalincak will not be able to recoup these funds and have

---

[2] *See* Opening Brief Doc. 249 at 22 (detailing amounts that should be credited by F.M. under Maximum Credit Scenario if December 26 Ruling was not vacated).

them paid to the other remaining unpaid investors (W.A-M. and J.C./L.C.). In this scenario, Mr. Yalincak will also be denied a $134,902.65 credit toward his restitution balance because these funds will have already been disbursed to F.M. Accordingly, the absence of an effective remedy in the event Mr. Yalincak prevails on appeal establishes "irreparable harm." *See Daniels v. Murphy*, 3:11cv286 (SRU), 2012 WL 5463072 (D. Conn. Nov. 8, 2012) (observing that irreparable injury is the most significant condition that must be demonstrated).

### C.      Injury to the Government and Public Interest Factors

Several of the underlying motions' request for restitution credit have been pending for years. The Government will not be injured with respect to the garnished account if the *status quo* is preserved pending appeal. Additionally, the outcome of the appeal will not affect the Government's rights. The requested stay is limited to the garnished account and only for the period necessary to appeal on the point of law identified above. Finally, Mr. Yalincak's request for a stay will advance the interests of justice and serve the public interest by ensuring that restitution payments are actually made to victims who are still owed money.

III.  **Conclusion**

For the foregoing reasons, Mr. Yalincak's request for a stay pending appeal should be granted. In the alternative, Mr. Yalincak requests a seven (7) day stay to seek emergency relief in the United States Court of Appeals for the Second Circuit.

Respectfully submitted,
HAKAN YALINCAK

_s/ Jeffrey C. Kestenband_
Jeffrey C. Kestenband
Fed Bar No.: ct19003
The Kestenband Law Firm LLC
2389 Main Street
Glastonbury, CT 06033
Tel. (860) 659-6540
Fax. (860) 288-5484
jkestenband@kestenbandlaw.com

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that the foregoing was filed electronically, on this 30th day of September, 2015. Notice of the filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

<u>*s/ Jeffrey C. Kestenband*</u>